**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRIAM KARINA DURAN ORTIZ; DILAN FROYLAN LANDA DURAN, | No. 19-72530 |
| Petitioners, | Agency Nos. A208-592-957 A208-592-958 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026**
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and BLUMENFELD,***
District Judge.

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stanley Blumenfeld, Jr., United States District Judge for the Central District of California, sitting by designation.

Petitioners Miriam Karina Duran Ortiz and her minor son, Dilan Froylan Landa Duran, are natives and citizens of Mexico. They seek review of a Board of Immigration Appeals (BIA) decision affirming the immigration judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). They also seek review of the BIA's denial of their motion to terminate proceedings based on a defective Notice to Appear (NTA). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. The BIA determined that the petitioners did not suffer past persecution and lack a well-founded fear of future persecution. "We review factual findings for substantial evidence and legal questions de novo." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).

The petitioners first challenge the BIA's finding that they did not experience past persecution in Mexico. Whether we review for substantial evidence or de novo, the petitioners do not demonstrate past persecution. Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)). Duran Ortiz testified that she encountered armed cartel members who frequently asked her whether she had seen the police or military. She also testified that she once saw cartel members assaulting another man. But the record contains no evidence that the petitioners

were harmed while living in Mexico. Indeed, Duran Ortiz testified that she did not receive any threats and was not specifically targeted by the gangs.[1] The BIA therefore did not err in concluding that the petitioners failed to establish past persecution.

Nor did the petitioners present any evidence establishing an "objectively 'reasonable possibility' of persecution upon return to [Mexico]." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (cleaned up). Duran Ortiz testified that her father was kidnapped and held for ransom by cartel members in April 2016, after she and her son left Mexico. She fears that she would similarly be targeted for extortion if returned to Mexico. But after the father's kidnapping, he returned home and has lived there without further harm. Duran Ortiz conceded that neither she nor any family member has been threatened since her father's release. "The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution." *Sharma*, 9 F.4th at 1066.

Thus, the BIA did not err in affirming the denial of the petitioners' asylum claim. Because the petitioners do not show that they are entitled to asylum, they

---

[1] Although the petitioners now assert that they received threatening phone calls while in Mexico, this claim cannot be considered because they failed to raise it before the IJ or BIA. *See Fisher v. INS*, 79 F.3d 955, 963–64 (9th Cir. 1996) ("[W]e are limited to reviewing the facts considered by the [BIA].").

necessarily cannot meet the "more stringent" showing for withholding of removal. *Id.*

2.  As for CAT relief, the petitioners have waived any challenge to the denial of that claim by failing to address it in their opening brief. *See Escobar Santos v. Garland*, 4 F.4th 762, 764 n.1 (9th Cir. 2021) (finding waiver of arguments not raised in opening brief).

3.  The petitioners next challenge the BIA's denial of their motion to terminate, arguing that the immigration court lacked jurisdiction over their removal proceedings because their NTA omitted the date, time, and location of their initial hearing. *See* 8 U.S.C. § 1229(a)(1); 8 C.F.R. §§ 1003.14(a), 1003.15(b).

Defects in the NTA do not deprive the immigration court of jurisdiction. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc). The petitioners do not dispute that they timely received the missing information in the notice of hearing and appeared as scheduled, thereby curing any defects in the NTA. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

**PETITION DENIED.**[2]

---

[2]    Petitioners' motion to stay removal, Dkt. No. 6, is denied.